The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention for the court is now sitting. God save the United States and this Honorable Court. I appreciate it, please. Good morning, and the first case we'll hear today is Veterans Services versus the Union, and Mr. Duffy, we'll hear from you first. Thank you, Your Honor. This case is about a specific limit on an arbitrator's authority, and can an employer and union combine to come limit on an arbitrator's authority. The limitation in question is found in the limitation section on arbitrators in our CBA, and it reads as follows. In all disciplined cases, the arbitrator shall determine whether the company had a reasonable basis for concluding that the employee engaged in conduct for which he or she is being disciplined. This standard requires that the arbitrator make this determination in every disciplined case, whether it's verbal warning, written warning, or discharge. Now that we've cited the standard, this court knows that your job is to determine if the arbitrator did her job by performing the mandate that she was told to do. Counsel, from my reading of that provision that you cite, it doesn't have a follow-up provision anywhere that says if you find that the employer had a reasonable basis at the time, what the reason is. Well, the findings are, did you violate a specific rule? We have rules that provide for immediate discharge, we have rules that provide for written warning, and we have rules that provide for verbal counseling. Her job was to make evidentiary findings using this standard and apply them to the rule she was charged with violating. I think I understand that, but an issue is whether the failure, yeah, I know there's a debate about whether the arbitrator addressed that standard. Assume you're right that the arbitrator did not. I don't see that the provision that the arbitration agreement requires you to win if there is a finding that the employer had a reasonable basis at the time. Is it your position that if the employer had a reasonable basis, you therefore win, or is it your position that she had to find that and grapple with it, and whatever the answer is, you need that first step to have happened? That is a first step, but it's a necessary first step because then the arbitrator must take the findings that grow out of that inquiry, and if there's a violation of the rule, she needs to determine if that violation of the rule provides just cause for discharge. But before she can apply that... She could, but in theory, she could say, yeah, you had a reasonable basis at the time, but based on all the evidence, I still find just cause, correct? No, not for that reason. If she... I disagree respectfully, Your Honor, with that reasoning because what her job was is to look backwards at time for what information was before the court. It's the same analysis the Misko case presented. You look back to what evidence was available at the time the discharge decision was made. If the evidence provided a reasonable basis to conclude that the person was guilty of the charge with which she was offensed, you would apply the charge with which she was offensed. It would be discharged. That's what rules provide in this case, and then the arbitrator's decision would rest on whether or not a clearly mandated discharge in the collective bargaining agreement is just cause for discharge. But there's a link there that you seem to be saying is required. There's a finding that there's a finding... If the arbitrator were to say there was a reasonable basis at the time the discharge was made, but at this point, I've received evidence that showed there was no just cause. Might not have been available to them at the time. She would not have been doing her job if she did that. What says that? The rule itself. What rule? The one I just read. In all discipline cases, the arbitrator shall determine whether the company... Shouldn't you then have... I'm sorry, sir. I apologize for interrupting, but shouldn't then the agreement say that if you don't do it, that means you don't... There is cause. I mean, shouldn't it link the four calls provision to that finding if that's an absolute requirement? Well, the arbitrator herself recognized that if there were findings of violations, they provide for automatic discharge, and they are part of the CBA. They are incorporated into the CBA, so both parties have stipulated that if a violation occurs, discharge is appropriate. And I think the arbitrator would have had very easy time saying that if the contract demands violation, if the parties agree that the person should be terminated, then that would be just cause because the employees are on notice that they can get discharged. The rules specify specifically that they can get discharged, and so all the notice to the employee, they have copies of it because it's in the collective bargaining agreement, and all those elements go into the discharge, and there should be an easy move from the... The violation is what's key. If she violates the rule, then the rules are in the... You know, you're going a little bit avoiding, I think, the obvious response you have. It's paragraph 14, reserves to the employer. It says, employer reserves the right to discipline, including disciplinary suspensions, discharge, or dismiss, or demote an employee for just cause, which means that you have the right to do that as a matter of contract, and the union has yielded that right to you. So the only open issue on that is whether there's just cause, and the arbitration clause then submits only that issue to the arbitrator, whether you had just cause. In other words, if to answer, it would seem to me if you were answering Judge Quattlebaum in the fullest, you would say that the clause, the arbitration clause, limits the issue to whether the employer had just cause. But at that point, once that finding is made in your favor, the arbitrator's duty is over, and now you're back to the arbitration, I mean, to the collective bargaining agreement, which reserves the right to you, and doesn't give the... It's not a grievable offense if you have just cause. Well, in other words, the contract, the collective bargaining agreement provides that you can discipline. It provides the remedy if there's just cause, and you have that remedy, a right to it, because it's been reserved to you explicitly, and the arbitration agreement only gives the limited issue to the arbitrator of whether you had just cause. But Your Honor, you're fighting with me on that? No, no, I don't, I don't, I don't at all. But how do you determine just cause? Well, you go to the arbitration. Judge Quattlebaum's question is if you succeed in arbitration, and the arbitrator finds that you had just cause, his question was, then what's the consequence? And you kept trying to go to the it seemed to me the collective bargaining agreement answers it right on its face. I mean, I'm not, I'm not arguing that. It is a just cause determination, ultimately, they have to make, and there are rules in the contract. But the next question after that is, if you get the finding of just cause, and the arbitrator stayed within the Your answer has to be the consequence is all she finds is just cause. She doesn't make any other determination whether the employee gets reinstated or not reinstated or whatever. That's governed by the collective bargaining agreement, which reserves that right to the company. Under 14, the arbitrator does have a role in making the decision she ordered back pay and reinstatement. I thought you were arguing that was beyond the scope of the arbitration. No, sir. No, sir. I'm sorry. All I'm saying is, just cause is the ultimate question that has to be answered. It's not the ultimate question. The ultimate question is discharge. But the issue of discharge was reserved to the company and never conferred arbitration. Yes. But the the study in terms of what was given to the arbitrator is the standard to evaluate the conduct at the time that the decision was made to determine if there was a reasonable basis for the employer to discharge. That's what that's what the question is. And we don't think she did it. And we don't think she did it. Because as this court setting, we listened to what the arbitrator did. And instead of applying the contractual standard, what the arbitrator did is apply her own standard. And it was a strict standard to was ultimate determined by a credibility resolution between two witnesses, which excluded what the contract said was the proper evidence to consider, which was the evidence available to the employer at the time the employer terminated. As this court and tenant court stated, while an arbitrator or tenant cap, I'm sorry, while an arbitrator may use contractually delegated authority to make determinations where there are gaps in the CBA, the arbitrator cannot refuse to apply express language in a CBA dealing with the precise issue to be decided. The this case is very consistent with MISCO. It was cited five times by the union in the briefing. But MISCO answers the same question. He's first of all, Justice White distinguished said you cannot ignore the plain language of the contract. Justice White distinguished between contractual directives he calls ground rules. And he gave and those matters not covered by ground rule, which he said is left to arbitrators discretion. And that's an important distinction. And he, Justice White even gave an example. He said here in MISCO, the employer forbade hearsay evidence. And the arbitrator can't provide, can't use that, can't rely on hearsay evidence because it's been forbade by the parties in the contract. But on every other evidentiary matter, in this case, the arbitrator is free to use their full range of discussion. That's a critical distinction here. And it's kind of the same one this court and tenant court used. What are the ground rules? The ground rules in doing her job was that arbitrator Von Hoff was expected and directed and forbade from doing anything else. She had to use the reasonable standard basis in making evidentiary findings of the rule violation. That's that was the part of I thought that your main argument, it seems to me that you're on thin ice in attacking the way the arbitrator receives evidence, excludes evidence, whether it's erroneous, erroneously applies law. We've deferred to arbitrators on all of that. It seems to me your argument is the arbitrator was committed to find whether you had just cause to terminate. And the arbitrator didn't assess that at all. The arbitrator concluded as to what happened and then ordered reinstatement. I would just say that this contractual mandate is a pretty important ground rule. We believe the parties put it in there specifically and so much so that we said that if you don't follow it, you can't issue a final warning. Okay. Thank you, Mr. Duffy. Ms. Wheeler. Thank you. May it please the court. My name is Karen Wheeler. I represent the appellee in this case. And as it's been pointed out, this court has been asked to vacate an arbitration award. That award was made pursuant to an agreement providing that arbitration awards are final and binding on the parties. Therefore, under the applicable standard, the only question in the case is whether the arbitrator was even arguably construing or applying the contract. And the because if we do get to even arguably construing or the essence of the contract, but that's a very high standard and arbitrators usually satisfy it. But that first question, final and binding decision, it seems like the contract says you have a final and binding decision if the arbitrator does the things in the following paragraph. And one of those things is determine whether the employer had a reasonable basis for thinking that the conduct happened. So if we don't think the arbitrator did that, is that ground for vacating? If you don't think that the arbitrator followed, construed the contract, then yes, that would be grounds. Well, I mean, she made she construed other parts of the contract, right? She looked at other standards and maybe could have even reached the same outcome by construing the reasonable basis standard. But there's nothing in the arbitrator's decision that acknowledges the requirement to make a decision about whether the employer had a reasonable basis. And the contract seems to suggest that unless an arbitrator follows these particular guidelines, the decision is not final. And I'm trying to get your sense of whether it matters or whether that's somehow not a ground for vacating or we can let this stand even though, you know, because she construed other parts of the contract. Mm-hmm. Well, there's two answers to that in my view. First, there are limitations in the contract on what the arbitrator can do. And in the limitations provision, it says the arbitrator shall determine, shall make a particular determination. And that is exactly what she did. It says that she shall determine whether there's a reasonable basis for this misconduct finding. But that's not actually what it says, I don't think. It says shall determine whether the arbitrator had a reasonable basis for its decision. And yeah, I understand you argue that the decision the arbitrator made may have encompassed that, but it certainly never articulates it expressly. And I think there's a credible argument that the arbitrator didn't address that standard. So, I think to follow up on Judge Rushing, the question is, assume, I'm not asking you to concede that point, but assume, you know, we believe that the arbitrator did not address the reasonable basis finding requirement. Since the agreement that says this is the whole reason you go to arbitration says it's not final unless you do that, does that provide a basis for vacating the award? Well, so I don't concede that the arbitrator failed to make that determination or failed to apply, and I can get back to explaining that. But assuming for purposes of argument that this provision was somehow passed over or not sufficiently fleshed out, not sufficiently discussed in some way, that is not a basis for vacating the arbitration award. And the reason is that the correct standard in this case is what this court has done over and over again in TECNOCAP, that 2021 case, in MCI Constructors, in the Corvis case, which is to say that if the result that was reached, and here the result was the finding that there was a contract violation when this grievance was terminated, it did not comply with the contract, if that is rationally inferable from the contract, if it is plausible under the contract, that that result would have been reached, then it should be. Let me ask you about that conclusion. This is a very peculiar, I don't think I've ever seen a tight, as tightly written arbitration agreement. And the collective bargaining agreement basically says, and I haven't seen this either before, but the union has given the employer the right to make disciplinary decisions and reserve those rights and reserve the right to have a decision to discharge somebody for good cause. And that's reserved to the company. The arbitration agreement gives that one factor to the arbitrator and no other. Not only that, it alludes in the arbitration agreement, it alludes to the court standard of finding its basis from the contract and rejects that scope. In other words, the arbitrator does not have the right under this arbitration clause to draw its essence from the or the discharge. The contract otherwise, the collective bargaining otherwise takes care of what happens after the arbitrator makes that decision. Yes, there was a reasonable basis. No, there wasn't a reasonable basis. At that point, the CBA takes over. And I must say, this obviously was drafted by someone who was focusing on our jurisprudence with the generalization that usually it's a language, something like any dispute arising out of this agreement or anything relating to this agreement. These are broad concepts that even the arbitrator can determine the scope of arbitrability. But in this case, they carefully reserve the disciplinary right to the employer, not to the arbitrator. And they gave the arbitrator the simple question of was there a reasonable basis for the discipline. And it seemed to me the arbitrator never made that determination. The arbitrator, to the contrary, went below that and said what happened and concluded that the person was unfairly discharged and reinstated. Now, that's a pretty far distance from what this clause. I've never seen a clause as tight. I don't know if you have. If you have a case that shows an arbitration clause this restricted and limited. But arbitration, as you know, is grounded on contract, the scope of the contract. And we have to start with what power is given to the arbitrator. And if there's doubt about it, we defer to the arbitrator. The language is clear throughout the case. But maybe you can address why the arbitrator was free to go beyond that one issue. I agree that the arbitrator's authority is limited to what is in the contract. And the contract says the functions of the arbitrator shall be to determine controversies arising out of interpretations and applications of the provisions of this agreement. So wherever there is a controversy... Well, you can't stop there because then it limits that, right? It limits it. So as you observed earlier, the contract reserves the right to discipline, including suspensions... For instance, it says the arbitrators may not substitute his discretion for the discretion the employer has. And of course, the very next article, the employer is given the discretion. And then it goes on and says any grievance involving discipline, which is here, or discharge, et cetera, for various policies, the arbitrator's sole authority shall be to decide whether such violation occurred. If the arbitrator finds that such violation occurred, it goes on and say, concluding the employer engaged in the conduct, which... I'm sorry, I'm not getting to the right language. It's that limitation language, though, that a reasonable basis for the discipline. Right. And that language that you just read applies to certain kinds of cases, not this case. The limitations I just read apply to discipline cases. And the discipline is addressed in the very next article. Right. In the next article, it says, in discipline cases, the arbitrator shall determine whether AVSW had a reasonable basis. Okay. That's the language I'm talking about. That's what's conferred to the arbitrator. But the discipline itself is reserved. They use the word reserved. That means it's not conveyed. Union doesn't have it and they can't grieve it. And the discretion can't be grieved. What can be grieved is whether the employer had a reasonable basis. And if the arbitrator had concluded that the employer did not have a reasonable basis, then obviously the discharge would not be allowed. Right. And the contract does reserve the right to discipline for just cause. So that's a limitation on that right to discipline. And that's what's conferred to the arbitrator. Correct. The just cause determination. And in order to make that determination, we submit that the arbitrator, first of all, had to determine whether the misconduct occurred. How could there be just cause for discipline if misconduct did not occur? That's been even narrowed because it isn't finding the actual cause in the arbitration. What's given to the arbitrator is whether the employer had a reasonable basis. Right. So... You find a difference between those two, don't you? I find that they are both, they both bind the arbitrator. They are different standards and the arbitrator has to apply both. I mean, if you're going to ask whether the employer had a reasonable basis, then you would have to decide what the arbitrator had in hand. Right. Well, so the limitation on the arbitrator... I'm sorry. Yes, I understood. So, right. And so... So just to make sure I'm clear, you're agreeing with Judge Niemeyer that the arbitrator was required to make a determination about whether the employer had a reasonable basis for its decision. You agree with that? Yes. It says the arbitrator shall determine, right? And it does not say, as you pointed out earlier, what the results of that determination would be, but that determination was made in this case. The arbitrator concluded that one of the final paragraphs is there's not sufficient record, not sufficient evidence on the record to conclude that the grievant violated this policy. So, she reviewed all of the evidence and found that there was not sufficient evidence to conclude. So, that is evaluating the basis for concluding... How do we know that's what she was evaluating? We're just supposed to assume that? Well, if you read the... She didn't use those words anywhere. I think she quoted... If I recall, there was a citation to a provision, but there's no discussion about why or why not the company did or did not have a reasonable basis. You agree with that? No, because the... I don't agree with that because the decision extensively goes into the evidence, right? It goes into testimony from... It doesn't go into the evidence that was in the employer's hand. It went independently past the employer. So, let me assume that the employer had a lot of information that had been fabricated. It wasn't consistent with what actually happened. The witnesses got together and gave the employer reports that were totally inconsistent with what happened in the plant. The employer looks at all this and assesses it and says, this is dischargeable. That's what has to be assessed, right? On the basis of what the employer had, whether the employer was reasonable. Obviously, if the employer didn't believe it or had no basis to believe it, that's something else. That's not an issue here. The question is, we have to look through the lens of the employer and see what the employer had and see whether there was a reasonable basis. Well, that is not... That is one interpretation of the language. That is an interpretation that, first of all, was never forwarded to the arbitrator. The arbitrator was provided with extensive testimony and argument on whether the misconduct actually occurred. Did the arbitrator have the arbitration agreement? Yes. The arbitrator did. Okay. Well, that's the charter. Right. And so, all of the parties argued to the arbitrator about whether the misconduct occurred, right? And the limitation provision says the arbitrator shall determine whether there is a reasonable basis. Now, the arbitrator, we would submit, is permitted to probe the reasonableness of that basis by soliciting testimony... By not soliciting, by hearing testimony, by evaluating evidence on whether the misconduct actually occurred. So, the arbitrator, in fact, reviewed... It never identified the basis that the employer had. The opinion doesn't identify it anywhere. So... The opinion basically decided what happened. Right. And the opinion first goes into testimony by these employer's decision makers, right? So, the testimony by a fellow named McNeil, by a person named Cooper, the HR person, the administrator, and all of the evidence that they heard. So, it goes into detail on who they met with, what they reviewed, what they considered, and it then evaluates that evidence and assesses against what came out at the hearing and what was evident to the arbitrator by evaluating the testimony of the witnesses and the available evidence. And I would just add that this interpretation of the language that the arbitrator may not consider whether misconduct actually took place appears nowhere in the contract. This is an implied prohibition, an implied standard of evidence that the employer decided, it's a post hoc, after the arbitration to read into the contract that there's this particular order of operations that the arbitrator is tied to because of this language. This was never argued to the arbitrator at the time. And this is about the correctness of how the arbitrator assessed reasonableness. So, counsel, I just, I understand your argument that the arbitrator did make, reading the decision, you know, we should conclude that the arbitrator did address this mandatory finding that you must consider whether the reasonable basis fine. But if we conclude otherwise that the arbitrator didn't, do you agree that we are required to vacate the award? If you conclude otherwise, I don't agree that this court is required to vacate the award or even can vacate the award under the existing jurisprudence because this court cannot vacate an award where there's no clearly expressed limitation that prevents the arbitrator from reaching the particular result. Most of them, I think the cases, and correct me if I'm wrong, I certainly want to see the authority you're talking about, but there's certainly that type of language in cases. It looks to me like when MCI, for example, that dealt with the substantive issues of, you know, resolving the dispute. They go to the ultimate outcome or not. They didn't really deal with the procedural ground rules that the parties agreed must be followed. And here we're in arbitration, which, as Judge Niemeyer says, is a, you know, contractual matter. And if the contract says you got to go about this arbitration following rules one, two, and three, I'm not sure there's a case that we have where the arbitrator has failed to follow those rules and we've said, hey, that's okay. What we have said is when there's different provisions substantively in terms of the outcome that weren't addressed, if we could reach the same outcome, we don't vacate. But not when you're dealing with how the arbitration is supposed to be carried out. Is there one that you can point to that deals with the procedural, the ground rules, as your colleague says, where we've made that same conclusion? I suppose from our position, we wouldn't characterize this as a set of rules or an order of operations that the arbitrator has to follow, simply that the arbitrator has to determine whether there was a reasonable basis. That's one determination that can form any part of the arbitrator's analysis. And I submit that that determination was made. But I think that to the extent that the argument is that there's a provision that was ignored or that then MCI does control and TECNOCAP does control, and those cases do say that only, you know, that the court can only look to whether the result was rationally inferable from the contract. And so, in that regard, let me ask you about this limitation. This is the last sentence of the clause. And it says the award shall be deemed not to draw its essence from the agreement and shall be vacated if those limitations weren't followed up above. It refers to the limitations. It says if you don't follow those, it says the award shall be deemed not to draw its essence from the agreement and shall be vacated. That's the parties agreed to that. Yes. How do we construe that? Yes, it does. Well, I don't see that as a problem in this case because the arbitrator did review the employer's basis for its decision and found that there was not sufficient evidence in the record. Where is that? I couldn't find that in the opinion. Right. So, where do you think the arbitrator looked at the basis that the employer had? In its review of the evidence where it looks at the meetings, the employer's fact-finding process, right, where it goes into testimony by the administrator, by the HR director about the from the eyewitnesses and probes the reasonableness of those findings that the employer made. You know, the employer's representatives listened, for instance, to Ms. Pangborn who alleged that the grievance said certain things to her, right? And the employer's representative concluded that, you know, he made a gut determination about whether she was lying or telling the truth. So, the arbitrator reviewed that, reviewed his explanation for why he found that, and the arbitrator then listened to Ms. Pangborn's actual testimony to probe that, to probe that decision-making to see is there actually a reasonable basis here for listening to what Ms. Pangborn had to say and concluding that she was telling the truth and the grievance was lying. The arbitrator can do that and she extensively did that in the decision and then she... They allege that not only did they not do that, but they allege that she excluded much evidence under a hearsay rule which was evidence of what was in the knowledge and decision-making by the employer. Well, it's worth looking at what was excluded. I mean, there were certain... Well, the observations of the woman coming out of the room and all upset and the three witnesses testifying to that, that something dramatic happened. In other words, there was a question about who was coaching who and who was threatening who and none of that came in. Well, it's not that it didn't... An employer yet had that information in making its judgment. Well, she did review and refer to that evidence and just simply gave it less weight than that of people who actually testified so that they could be cross-examined about the evidence that they gave to the employer. Well, I thought there were about three witnesses. She didn't let any of it come in. Right. So two of those witnesses gave cumulative evidence. There was a person who testified at the hearing named Graham who was standing within that group of three people, right? And Graham testified and gave evidence about what Graham saw and heard at the time. Evidence that the employer solicited on direct, right? So they conceded, this is relevant, this hearing testimony about what Graham actually saw. Then, you know, there were two other statements from witnesses who could have testified. The employer chose not to put them on. That was their choice at the arbitration to submit this out-of-court statement. That of course is going to be less credible because it can't be proved even for the reasonable basis determination to give. What did you say to the employer? Did you write this statement under pressure? All of these go to the basis for the employer's decision. And she could not probe them. I think we've gone through the red light. Why don't you continue that on your rebuttal time? Oh, sure. You have some rebuttal time. Oh, no, excuse me. Go ahead and wind up. If you have something to wind up with, that's fine. No, you, excuse me. I've messed up. You don't have rebuttal. They have the rebuttal. All right, have you finished? Go ahead and finish your thought there. Sure, no problem. So to finish up that thought, the other statement that the arbitrator found was an out-of-court statement that was less reliable than statements that could be backed by the employer. She considered whether the employer had enough evidence to see that this person was disturbed coming out of the room. And she said, yes, Graham's testimony showed that. And the testimony of employer decision-makers who interviewed Graham and these others showed that that's not in question. It doesn't affect the result. And these hearsay determinations are well within the arbitrator's. Well, their argument, obviously, we don't need to go too far in this because we're looking at the same document. But the issue they're saying, it's not an issue of hearsay. It's what the employer had by way of information and on what it acted. Did it act reasonably with that information? I would submit there would have to be an express evidentiary limitation in the contract. And this language doesn't do that. This is general language about a reasonable basis. It may not even be hearsay. It's a question of direct evidence about what the employer had in his hand. I mean, any executive could say, I had this, I had that, I had this. And it was all hearsay for the truth of that matter. But they acted on that evidence. All right. Thank you very much, Mr. Wheeler. You have the rebuttal. I'm sorry, I transferred the rebuttal opportunity. Thank you, Your Honor. And first, I will tell you, now that I understand your question, you were right. We do have the ultimate responsibility to make a judgment. And we have reserved that as to whether or not to apply discipline to an employee. The employer does. And we have choices in our handbook with incorporated rules. One is discharge. And we chose the discharge rule given the severity of the misconduct. It follows that the arbitrator's job was, as this court correctly pointed out, is to look back at what was in front of us at the time that we made that decision and determine if the evidence... They argue that implicitly, the arbitrator got to that because arbitrator considered the testimony of the very witnesses, including employer witnesses who described what they experienced. There's an easy answer that Bonhoeff gave us to answer that. She said, I'm going to consider this only on the testimony of two witnesses. We obviously did not have that testimony at the time that we made the decision a year earlier. And the performance at an arbitration hearing is not what was bargained for. We were saying, look back to what the employer had at the time it made the decision. And obviously, that credibility resolution was not available to us since it was a future event. So that question, she didn't look at it. She looked, she made, she said in her own award, she was going to rely solely on the credibility resolution of two witnesses. So that was after the fact evidence. The court is right when it's asked if the determination never made a reasonable standard finding at the time of termination. We agree with that. It did not. And that evidence, even by her own admission, wasn't considered in her resolution of the issue. The contract, the court is right, the arbitrator's job is done after the reasonable basis decision is made. The level of discipline is reserved to the company. We chose the class C rules. The class C rules are clear. Discharge is authorized. So if we had a reasonable basis that she engaged in the misconduct, it was our job to, you know, the discharge level was correct. And the rules provide the remedy. And then the discharge decision is ultimately tested under the poor cause or proper cause. And I think there's one question there. If you applied the class C rules and they argue that the class B rules should have been applied, does that become a court issue or an arbitration issue? Well, that issue was never raised. No, it's hypothetical. If they if they if if I was arguing the wrong rule was applied, I think that's substituting arbitrator's judgment for ours is what I would say to them. And we reserve the right to make that determination. But they could argue you breached the contract, couldn't they?  They could argue that you breached the contract. Well, we have pretty clear rules, so I think we have to be careful in the rules. I understand. I'm assuming they want to challenge it. Well, they they the question in this case is whether a particular issue goes to arbitration and whether the arbitrator decided it. But that necessarily leaves open contractual issues that were reserved in the CBA. It seems to me all the contractual issues that were not conferred to arbitration go to court. Correct. I want to point out one case, Mountaineer Gas, for something that the union was just arguing about. It can be filtered through the four cause. I mean, through the eye of the cause provision that ultimately she has to find. And Mountaineer, the court said, look, the arbitrator had mandatory language, which he ignored. He should have recognized that discharge was appropriate given what he had in front of him. And he wanted a different remedy. So he chose something less than this charge. And he did not have that option to do. Maybe this is an answer to your question. He did not have that option to do. His job was to apply the language of the CBA. And the CBA had the CBA required discharge in those circumstances. And so he said the union's argument there doesn't work because you can't filter out, you can't get around the fact you've met, you ignored mandated language by saying, you know, you roll that decision into the discharge, into just cause determination. All right. Thank you very much, Mr. Wheeler. We will come down and greet counsel and then proceed on to our next case.
judges: Paul V. Niemeyer, A. Marvin Quattlebaum Jr., Allison J. Rushing